# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **GREGORY D. RIVERS,** | ) |
| Petitioner, | ) ) ) |
| v. | )  Case No. CIV 08-380-JHP-KEW |
| **JUSTIN JONES, DOC DIRECTOR,** | ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the court on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Cimarron Correctional Facility in Cushing, Oklahoma, attacks his conviction in Okmulgee County District Court Case Number CF-2005-42 for Second Degree Burglary (Count 1), Knowingly Concealing Stolen Property (Count 2), Attempting to Elude a Police Officer (Count 3), and Possession of a Controlled Substance (Count 4), all after conviction of two or more felonies. He sets forth the following grounds for relief:

I. Mistrial declaration at defense counsel's request without petitioner's consent violated petitioner's Sixth Amendment right to jury trial, due process, and equal protection.

II. Petitioner was deprived of the effective assistance of trial counsel, resulting in a mistrial declaration without petitioner's consent and without prior discussion with petitioner.

III. Ineffective assistance of appellate counsel.

IV. Violation of the Fifth Amendment prohibition against double jeopardy.

V. Violation of the Sixth Amendment right to a speedy trial.

VI. Violation of due process:

      A. The State failed to preserve evidence of the burglary and improperly entered photographs into evidence.

      B. The evidence was insufficient to prove Concealing Stolen Property and the felony offense of Attempting to Elude a Peace Officer.

VII. Admission of police officer's testimony as to alleged "spontaneous" declaration" uttered while petitioner was undergoing medical treatment violated petitioner's Fifth Amendment rights.

The respondent concedes that petitioner has exhausted his state court remedies for the purpose of federal habeas corpus review and has submitted the following records to the court for consideration in this matter:

    A. Petitioner's direct appeal brief.

    B. The State's brief in petitioner's direct appeal.

    C. Summary Opinion affirming petitioner's judgment and sentence. *Rivers v. State*, No. F-2006-1030 (Okla. Crim. App. July 17, 2007).

    D. Petitioner's petition in error appealing the denial of post-conviction relief.

    E. Order Affirming Denial of Post-Conviction Relief. *Rivers v. State*, No. PC-2008-495 (Okla. Crim. App. Aug. 29, 2008).

    F. Partial transcript of petitioner's jury trial held on May 1-2, 2006.

    G. Partial transcript of petitioner's non-jury trial held on September 11, 2006.

    H. Minute Order entered May 2, 2006, in Case No. CF-2005-42, granting the defendant's motion for mistrial without prejudice.

    I. Petitioner's petition for writ of mandamus or writ of prohibition, filed in Case No. MA-2005-898 in the Oklahoma Court of Criminal Appeals on September 16, 2005.

J. Order by the Oklahoma Court of Criminal Appeals directing response from the Honorable Charles Humphrey, District Judge, Okmulgee County, or his designated representative in Case No. MA-2005-898.

K. Response by District Judge Charles Humphrey to petitioner's petition for writ of mandamus or writ of prohibition.

L. Order Denying Request for Extraordinary Relief. *Rivers v. State*, No. MA-2005-898 (Okla. Crim. App. Apr. 5, 2006).

M. Petitioner's motions to exclude evidence and to dismiss charges in Okmulgee County District Court Case No. CF-2005-042, filed on August 7, 2006.

**Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act, federal habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> As to the "unreasonable application" standard, . . . only the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254. . . . [A] decision is "objectively unreasonable" when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law. It is not enough that the decision is clearly wrong or that the reviewing court would have reached a contrary decision. . . . [T]he state court decision must be at such tension with governing U.S. Supreme Court precedents, or so inadequately supported by the record, or so arbitrary as to be unreasonable.

*Sandoval v. Ulibarri*, 548 F.3d 902, 908 (10th Cir. 2008) (quoting *Maynard v. Boone*, 468

F.3d 665, 671 (10th Cir. 2006)), *cert. denied*, 549 U.S. 1285 (2007)).

**<u>Grounds I, II, III, and IV</u>**

Petitioner alleges in Grounds I, II, III, and IV:

I. A mistrial was declared at defense counsel's request without petitioner's consent.

II. Trial counsel was ineffective in failing to confer with petitioner and obtain petitioner's consent to a mistrial before the mistrial was declared.

III. Appellate counsel was ineffective in failing to raise Grounds I, II, and IV on direct appeal.

IV. Petitioner's Fifth Amendment right against double jeopardy was denied.

The respondent alleges Grounds I, II, and IV are procedurally barred from federal habeas corpus review, and appellate counsel was not ineffective in failing to raise these three issues on direct appeal. Petitioner first raised claims concerning the mistrial and ineffective assistance of trial counsel in his application for post-conviction relief, but the Oklahoma Court of Criminal Appeals (OCCA) denied relief:

> Petitioner's [Post-Conviction] Application acknowledged that his two post-conviction claims presented issues that could have been raised on direct appeal, but Petitioner further asserted that those issues were not raised due to appellate counsel's failure to raise them--an act that Petitioner believes amounted to ineffective assistance of appellate counsel. (O.R. 3 & 8-9). Ineffective assistance of appellate counsel is an issue that can properly be raised in a defendant's first application for post-conviction relief. . . . Petitioner's post-conviction pleadings in the District Court fell short of establishing any legitimate claim of ineffective assistance of appellate counsel.
>
> Assuming for the sake of argument that appellate counsel did not raise on direct appeal the issues contained in Petitioner's post-conviction claims, Petitioner offered nothing to the District Court beyond his arguments on the substantive merits of his post-conviction claims. It is not enough simply to

4

> prove appellate counsel did not raise on direct appeal those trial errors alleged on post-conviction. Petitioner must additionally demonstrate appellate counsel's failure to raise such errors were not, under the circumstances of his case, a rendering of "reasonably effective assistance." *See Mayes v. State*, 921 P.2d 367, 372 (Okla. Crim. App. 1996) ("mere failure of direct appeal counsel to raise a claim does not, in and of itself, deprive a petitioner of 'reasonably effective assistance' of counsel [under] *Strickland*"). "The fact the original appellate counsel did not raise every issue now raised by post-conviction counsel . . . is not evidence of ineffectiveness." *Castro v. State*, 880 P.2d 387, 389 (Okla. Crim. App. 1994) (citing *Jones v. Barnes*, 463 U.S. 745, 750-54 (1983)).
>
> . . . We find the final judgment's order [by the Okmulgee County District Court] did make sufficient findings of fact and conclusions of law as to Petitioner's remaining post-conviction issues by determining those issues were procedurally barred. . . .

*Rivers v. State*, No. PC-2008-495, slip op. at 2-4 (Okla. Crim. App. Aug. 29, 2008) (footnotes omitted).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

"'[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Id.*, 501 U.S. at 753 (emphasis in original). With respect to the "prejudice" prong of the "cause and prejudice" requirement, a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

5

Here, petitioner is asserting that his "cause" for failure to raise Grounds I, II, and IV on direct appeal was the ineffective assistance of his appellate counsel. In *English v. Cody*, 146 F.3d 1257, 1264 (10th Cir. 1998), the Tenth Circuit Court of Appeals held that Oklahoma's procedural bar would apply to claims of ineffective assistance of trial counsel when trial and appellate counsel are different, and the ineffective assistance of trial counsel issue can be resolved on the record. Here, petitioner's trial and appellate counsel were different, and, as will be discussed below, petitioner's claim of ineffective assistance of trial counsel does not involve matters outside the court record.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth the two-part test for determining the validity of a habeas petitioner's claim of ineffective assistance of counsel. The test requires a showing that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Id*. at 687.

> To prove that his counsel's performance was deficient, [petitioner] must show that his counsel "committed serious errors in light of prevailing professional norms such that his legal representation fell below an objective standard of reasonableness." *Duvall v. Reynolds*, 139 F.3d 768, 776-77 (10th Cir.) (internal quotations omitted), *cert. denied*, 525 U.S. 933 (1998). [Petitioner] "must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance that might be considered sound trial strategy." *Moore v. Reynolds*, 153 F.3d 1086, 1096 (10th Cir. 1998) (citing *Strickland*, 466 U.S. at 689), *cert. denied*, 526 U.S. 1025 (1999). To establish that counsel's deficient performance was prejudicial, [petitioner] must also show that, but for his counsel's errors, there is a reasonable probability that the outcome of the proceeding would have been different. *See Duvall*, 139 F.3d at 777.
>
> The *Strickland* test also applies to assessing the effectiveness of appellate counsel. *See United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995). When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, we first

6

examine the merits of the omitted issue. If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. *See Parker v. Champion*, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing *Cook*, 45 F.3d at 392-93), *cert. denied*, 525 U.S. 1151 (1999)). If the issue has merit, we then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial. *See Cook*, 45 F.3d at 394.
. . .

*Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1999).

The record shows that petitioner's trial counsel moved for a mistrial at petitioner's jury trial, following questioning of Officer Todd Spurlock by the prosecutor:

> Q. [By Prosecutor]: Okay. And do you remember that person's name [the person arrested with petitioner]?
>
> A. [By Officer Spurlock]: Keith Foreman.
>
> Q. Okay. And did you at any time interview or take a statement from either Keith Foreman or the Defendant?
>
> A. I went to the jail to attempt to interview both people, both the Defendant and the other Defendant. Mr. Foreman refused to speak to me. Mr. Rivers--
>
> [Defense Counsel]: (Interposing) Your Honor--
>
> A. --came out and said that he--
>
> Q. [Defense Counsel]: (Interposing)--I'm going to object to that. May I approach?
>
> THE COURT: Yes.
>
> (The following was a quiet bench conference; thereafter, the case mistried, which concluded the testimony of witnesses and concludes this Partial Transcript.)

(Tr. 5/2/2006 at 95).

While Officer Spurlock was not able to complete his answer to the prosecutor's

7

question, it was clear that the issue of petitioner's right to remain silent was opened. The officer's comment that he *attempted* to interview petitioner implied that petitioner had not agreed to be interviewed. In addition, the officer's comment that petitioner's co-defendant "refused" to speak to the officer could be construed as prejudicial against petitioner. Trial counsel had the duty to ensure that petitioner received a fair trial, and the court finds trial counsel could reasonably have believed that the officer's testimony was irreparably prejudicial against petitioner under the circumstances.

Concerning petitioner's complaint that he was not consulted about the mistrial, the United States Supreme Court has held a defendant's consent is not required:

> "Where, for reasons deemed compelling by the trial judge, who is best situated intelligently to make such a decision, the ends of substantial justice cannot be attained without discontinuing the trial, a mistrial may be declared without the defendant's consent and even over his objection, and he may be retried consistently with the Fifth Amendment."

*Illinois v. Somerville*, 410 U.S. 458, 462 (1973) (1973) (quoting *Gori v. United States*, 367 U.S. 364, 368 (1961)). The Fifth Circuit Court of Appeals has noted that when defense counsel requests a mistrial, "the defendant's personal concurrence is not required." *United States v. Bobo*, 586 F.2d 355, 366 (5th Cir. 1979). *See also Phyle v. Leapley*, 66 F.3d 154, 159 (8th Cir. 1995) (citation omitted) (reasoning that a trial lawyer must make repeated and instantaneous decisions about whether to object or move for mistrial; therefore, such strategic decisions are "virtually unchallengeable").

Regarding petitioner's double jeopardy claim, the trial court made a specific written finding that petitioner had moved for a mistrial because of the question concerning an attempted interview with him, and the motion for mistrial was granted without prejudice. (Docket #9-8; O.R. 94). "[A] motion by the defendant for mistrial is ordinarily assumed to

8

remove any barrier to reprosecution, even if the defendant's motion is necessitated by prosecutorial or judicial error." *United States v. Jorn*, 400 U.S. 470, 485 (1971) (footnote omitted). As will be discussed in Ground VI, the State's case was strong and included evidence of petitioner's unsuccessful flight from the police after the burglary, and there is no evidence that the error that resulted in the mistrial was deliberately designed to avoid an acquittal. *Id.* at 485 n.12. Therefore, there was no double jeopardy violation when petitioner was retried.

Because petitioner has failed to show that Grounds I, II, or IV have merit, the court finds appellate counsel was not ineffective in failing to raise those claims on direct appeal, and the OCCA's determination of Ground III was not contrary to, or an unreasonable application of, federal law. 28 U.S.C. § 2254(d)(1). The court further finds the OCCA's decision was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2). Having failed to demonstrate cause for his procedural default of Grounds I, II, and IV, the issue of prejudice need not be addressed. *See Steele v. Young*, 11 F.3d 1518, 1522 n.7 (10th Cir. 1993).

The court further finds that petitioner has failed to demonstrate that application of the procedural bar to Grounds I, II, and IV will result in a fundamental miscarriage of justice. The Tenth Circuit Court of Appeals has held that "[c]ases involving a fundamental miscarriage of justice 'are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" *Gilbert v. Scott*, 941 F.2d 1065, 1068 n.2 (10th Cir. 1991) (citing *McClesky v. Zant*, 499 U.S. 467, 494 (1991)). The Tenth Circuit has explained this "very narrow exception" as follows:

> [T]he petitioner must supplement his habeas claim with a colorable showing of factual innocence. Such a showing does not in itself entitle the petitioner

9

to relief but instead serves as a "gateway" that then entitles the petitioner to consideration of the merits of his claims. In this context, factual innocence means that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."

*Demarest v. Price*, 130 F.3d 922, 941-42 (10th Cir. 1997) (internal citations omitted).

Petitioner has not made a colorable showing of factual innocence, so relief cannot be granted for Grounds I, II, III, or IV of this petition. *See Herrera v. Collins*, 506 U.S. 390, 404 (1993); *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986).

## **Ground V: Speedy Trial**

Petitioner alleges he was denied his Sixth Amendment right to a speedy trial, because his trial was "arbitrarily" delayed for 18 months by the State's unreasonable delays. Petitioner first raised this claim on direct appeal where the OCCA found no deprivation of his right to a speedy trial:

> [Half] of the eighteen-month delay between Appellant's arrest and conviction was attributable to his own unsuccessful efforts to secure dismissal of the charges by seeking an extraordinary writ from this Court. A May 2006 mistrial, prompted by prosecutor misconduct, is not attributable to Appellant, but retrial was scheduled for the very next jury term. Appellant did not make a demand for speedy trial until August 2006, a month before the bench trial that led to his conviction. Appellant has not demonstrated what potentially favorable evidence or testimony was lost by the delay. Applying the factors enunciated in *Barker v. Wingo*, 407 U.S. 514 (1972), and *Ellis v. State*, 76 P.3d 1131 (Okla. Crim. App. 2003), we find no deprivation of a constitutional right. [The claim] is denied.

*Rivers v. State*, No. F-2006-1030, slip op. at 2-3.

There are four factors to be considered in the analysis of speedy trial claims: "Length of delay; the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972). The record shows that petitioner was arrested on March 9, 2005, and his second trial was held on September 11, 2006, 18

10

months later. The State conceded on direct appeal that petitioner had satisfied the threshold inquiry about the length of delay. (Docket #9-4 at 28). The reasons for the delay, however, were mainly attributable to petitioner. On August 29, 2005, petitioner filed a motion to stay proceedings, which was granted on the same day. On September 16, 2005, he filed a petition for writ of mandamus or writ of prohibition, asking for dismissal of Case No. CF-2005-42 with prejudice. (Docket #9-9). Trial had been set for October 24, 2005, but on October 11, 2005, the State filed a motion for continuance, because of the pending petition for extraordinary relief. The other reasons were that petitioner's co-defendant had no attorney, and no motion to sever had been filed. The OCCA denied petitioner's request for extraordinary relief on April 5, 2006, in *Rivers v. Humphrey*, No. MA 2005-898 (Okla. Crim. App. Apr. 5, 2006) (Docket #9-12). The trial court then proceeded to petitioner's trial on May 1, 2006, less than one month later. When the first trial ended in mistrial, the trial court noted in its Minute Order, "Trial to re-set ASAP on fall trial docket. (Docket #9-8; O.R. 94). Petitioner's second trial was held on September 11, 2006.

The OCCA found that while the mistrial was not attributable to petitioner, most of the delay was caused by his meritless request for extraordinary relief, so the second *Barker* factor weighed against petitioner. Regarding the third factor, petitioner asserted his right to a speedy trial in the district court on August 7, 2006. (Docket #9-13 at 5-7; O.R. 113-15). The OCCA noted in its opinion, however, that this demand was made approximately a month before the bench trial that resulted in petitioner's conviction. Regarding the final factor, prejudice to the petitioner, the OCCA found petitioner had not shown what potentially favorable evidence or testimony had been lost by the delay, and petitioner has failed to show in this action that the OCCA's finding was incorrect. The Tenth Circuit has held that even

11

when there is a delay of four years and four months from the State's filing of the Information and the defendant's trial, and the delay is caused by the State's negligence, a petitioner still has a duty to present specific evidence of prejudice to establish a violation of his right to a speedy trial. *Jackson v. Ray*, 390 F.3d 1254 (10th Cir. 2004), *cert. denied*, 546 U.S. 834 (2005).

After careful review the court finds petitioner has failed to demonstrate prejudice under *Barker v. Wingo*. Therefore, the OCCA's determination of petitioner's speedy trial claim was consistent with federal law under 28 U.S.C. § 2254(d), and this ground for habeas relief fails.

## Ground VI: Denial of Due Process

### Failure to Preserve Evidence of the Burglary and Admission of Photographs

Petitioner claims the State improperly used testimony and photographs depicting the items of stolen property, instead of preserving the property itself. The OCCA denied relief as follows:

> [T]he trial court did not err in receiving testimony and documentary evidence concerning the items stolen in the burglary, even though police did not preserve the property itself, but instead returned it to its rightful owner. The State was not required to present the property itself to establish that it was stolen during the burglary; testimony that police found the items in Appellant's possession, and returned them to the store where they were checked against the owner's inventory list, was sufficient. *Ashlock v. State*, 669 P.2d 308, 310 (Okla. Crim. App. 1983).

*Rivers*, No. F-2006-1030, slip op. at 3.

> As a general matter, federal habeas corpus relief does not lie to review state law questions about the admissibility of evidence, *see Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991), and federal courts may not interfere with state evidentiary rulings unless the rulings in question rendered "the trial so fundamentally unfair as to constitute a denial of federal constitutional rights,"

12

> *Tucker v. Makowski*, 883 F.2d 877, 881 (10th Cir. 1989) (quotations and citations omitted).

*Moore v. Marr*, 254 F.3d 1235, 1246 (10th Cir.), *cert. denied*, 534 U.S. 1068 (2001). Here, Petitioner is challenging an issue of state evidentiary law, and the OCCA correctly applied its own precedent to deny relief on the claim. Petitioner has not shown that this state law evidentiary ruling violated his due process rights or his right to a fundamentally fair trial, so federal habeas relief is not warranted.

**Sufficiency of the Evidence**

Petitioner alleges the evidence was insufficient to convict him of Concealing Stolen Property, when the allegedly stolen property was found outside the vehicle following a high-speed chase in which he was ejected from the vehicle. He also asserts the evidence was insufficient to convict him of the felony offense of Attempting to Elude a Peace Officer, when the person alleged to have been endangered was not identified in the Information, and the allegedly endangered person was the driver of the vehicle.

"Sufficiency of the evidence can be considered to be a mixed question of law and fact." *Case v. Mondagon*, 887 F. 2d 1388, 1392 (10th Cir. 1989), *cert. denied*, 494 U.S. 1035 (1990). In federal habeas review of a state court conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).

The Supreme Court has repeatedly emphasized the deference the reviewing court owes to the trier of fact and "the sharply limited nature of constitutional sufficiency review." *Wright v. West*, 505 U.S. 277, 296 (1992) (citing *Jackson*, 443 U.S. at 319). "[A] federal

habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume--even if it does not affirmatively appear in the record--that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326. The court must "accept the jury's resolution of the evidence as long as it is within the bounds of reason." *Grubbs v. Hannigan*, 982 F.2d 1483, 1487 (10th Cir. 1993) (citing *United States v. Edmondson*, 962 F.2d 1535, 1548 (10th Cir. 1992)). "To be sufficient, the evidence supporting the conviction must be substantial; that is, it must do more than raise a mere suspicion of guilt." *Beachum v. Tansy*, 903 F.2d 1321, 1332 (10th Cir.), *cert. denied*, 498 U.S. 904 (1990) (citing *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir. 1987)).

The OCCA found no merit in either claim in petitioner's direct appeal:

> [A] defendant may be punished for both stealing property and later attempting to dispose of the property in some way to keep it from its rightful owner. *Nowlin v. State*, 34 P.3d 654, 655 (Okla. Crim. App. 2001). Under the evidence presented here, a rational trier of fact could conclude that Appellant and his accomplice purposefully hid some of the stolen property in a ditch during their getaway, with plans to return for it at a later time. Therefore, convictions for both burglary and concealing stolen property were supported by the law and the facts.
>
> . . . Appellant placed others in danger after the burglary by prompting a high-speed chase, involving several police vehicles, which ended with Appellant's vehicle crashing and Appellant being ejected. This conduct endangered others (most notably Appellant's accomplice) and was sufficient to aggravate the crime of Eluding a Police Officer from a misdemeanor to a felony. Okla. Stat. tit. 21, § 540A(B).

*Rivers*, No. F-2006-1030, slip op. at 3.

In *Nowlin v. State*, 34 P.3d 654, 655 (Okla. Crim. App. 2001), the OCCA held that a defendant who stole tools in Canadian County and later pawned the tools in Oklahoma

14

County, could be convicted both of theft and of concealing stolen property, because the stealing and the concealing were separate and distinct acts. *Id.* at 656. In petitioner's case, some of the stolen items were found in the back seat of the car and directly outside the car, while other items later were found a distance too far to have been thrown from the vehicle. (Tr. 58, 91). The fact that petitioner was attempting to elude the police after burglarizing the owner's business shows he knew the items were stolen, and he was motivated to conceal the stolen property. The property found a distance from the crash scene was evidence that petitioner "ditched" some of the stolen property during the chase in an attempt to conceal the property. Therefore, the determination of this issue by the OCCA was consistent with federal law under 28 U.S.C. § 2254(d).

Regarding petitioner's challenge to the element of the crime that made his conviction for Attempting to Elude a Police Officer an aggravated offense and, therefore, a felony, the record does not support his claim. Pursuant to Okla. Stat. tit. 21, § 540A(B), any person who eludes a police officer "in such a manner as to endanger *any other person* shall be deemed guilty of a felony . . . ." On direct appeal petitioner questioned whether a "peace officer" was a "person" under the statute, ignoring that his actions endangered his accomplice. He, however is making a different argument in this habeas petition, claiming the Information did not put him on notice of whom he endangered. The OCCA found the statute was broad enough to include anyone else involved in the chase with petitioner. The court finds this determination by the OCCA conforms to the requirements of 28 U.S.C. § 2254(d).

To the extent petitioner is attempting to convert this issue from a sufficiency of the evidence claim to a claim regarding the sufficiency of the Information, it potentially is unexhausted. When faced with a habeas petition that contains an unexhausted claim,

15

however, a federal court may choose to deny the petition on the merits, rather than dismissing it for failure to exhaust. 28 U.S.C. § 2254(b)(2); *Moore v. Schoeman*, 288 F.3d 1231, 1235 (10th Cir. 2002). A challenge to the adequacy of an Information under Oklahoma law is a question of state law, and the federal habeas court is "not empowered to correct all errors of state law." *Johnson v. Gibson*, 169 F.3d 1239, 1252 (10th Cir.) (citing *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998), *cert. denied*, 528 U.S. 972 (1999).

> An indictment [or charging information] need only meet minimal constitutional standards, and we determine the sufficiency of an [information] by practical rather than technical considerations. A[] [charging instrument] is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense.

*United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997) (internal citations omitted). *See also Hamling v. United States*, 418 U.S. 87, 117 (1974). Here, petitioner's claim concerning the Information clearly fails on the merits, in light of the OCCA's interpretation of Okla. Stat. tit. 21, § 540A(B).

## VII. Fifth Amendment Claim

Finally, petitioner alleges the police officer's testimony as to petitioner's alleged "spontaneous" declaration" uttered while petitioner was undergoing medical treatment violated his Fifth Amendment rights. The OCCA found that petitioner's "unsolicited, incriminating admission, made while being treated at the hospital after his arrest, was not the product of police interrogation, and the trial court did not err in considering it." *Rivers*, No. F-2006-1030, slip op. at 4 (citing *Dodson v. State*, 739 P.2d 538, 540 (Okla. Crim. App. 1987)).

The record shows that when Officer Landers reported for work on the morning

following the burglary and car crash, he was asked to go to the emergency room and remain with petitioner who had been arrested the night before and was receiving treatment. (Tr. 97-98). Officer Landers guarded petitioner, but did not ask him any questions. (Tr. 98). Evidence at the first trial showed that the CT technician said something to petitioner about his 'being lucky." (Tr. 5/2/2006, 56). When the technician left the room petitioner said to Officer Landers that since God had let him survive the accident, he never would do anything stupid like that again. (Tr. 5/2/2006, 56; Tr. 98-99).

"Volunteered statements of any kind are not barred by the Fifth Amendment . . . ." *Miranda v. Arizona*, 384 U.S. 436, 478 (1966). "'[I]nterrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect. *Rhode Island v. Innis*, 446 U.S. 290, 300-01 91980) (footnotes omitted). Here, the court finds the OCCA's determination that there was no police interrogation and that petitioner's statement was properly admitted was in accordance with the requirements of 28 U.S.C. § 2254(d).

**ACCORDINGLY**, petitioner's petition for a writ of habeas corpus is DENIED, and this action is DISMISSED in its entirety.

**IT IS SO ORDERED** this 15th day of September 2010.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma